A special verdict has been proposed, to which I have no objection. Slander is no more justifiable when spoken of a man with a view to his election than on any other occasion. Unhappy indeed would any people be, where, in the exercise of one right, you destroy as important a one.
The enjoyment of a fair and unsullied reputation is certainly the greatest blessing a rational being can enjoy in this sublunary state of existence; an attempt to deprive a person of it ought, and must, in all civilized states and nations, be considered as a serious injury.
In the exercise of elective rights, it is immoral to slander a candidate. Let his talents, his virtues, and such vices as are likely to affect his public character, be freely discussed, but no falsehoods be propagated. In the course of the argument, it has been stated that the plaintiff should prove by voters the loss of his election. This, consistent with the principles of our government, cannot be done, as it would seem. The Constitution provides that votes shall be given by ballot, and hence it results that we cannot compel a voter to disclose whom he voted for. If he does it voluntarily, his evidence may be received. *Page 102 
Therefore proof of the loss of an election cannot be required. I am strongly inclined to think that, if the loss of votes on that ground is proved, the law will consider it as an injury, but then the words must be actionable in themselves.
If with a view to an election, a person should falsely, maliciously, and scandalously report of a candidate a charge, importing a crime for which his life or limb might be jeopardized, he ought to be responsible, and for more than ordinary damages if votes were lost.
Verdict for plaintiff.
Reasons in arrest of judgment which were overruled at December term, 1808. Vide, 4 Bos. Pull. 47.